UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

EMELDA ANTIONETTE,              )    CASE NO. 5:08 CV 410
                               )
          Plaintiff,           )    JUDGE JOHN R. ADAMS
                               )
     v.                        )
                               )    MEMORANDUM OF OPINION
SUSANA E. LYKINS,              )    AND ORDER
                               )
          Defendant.           )

On November 26, 2007, plaintiff pro se Emelda Antionette filed this action against Susana E. Lykins. The document initiating this action, entitled "Libel of Review - common law counterclaim in admiralty - notice lis pendens and - verified statement of right - Re: God-given unalienable rights in the original estate - Article III; Constitution," does not contain coherent allegations or legal theories in support of a claim, but instead sets forth unintelligible legal rhetoric.

Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudette, 775 F.2d at 1278. To do so would "require ...[the

courts] to explore exhaustively all potential claims of a <u>pro se</u> plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." <u>Id.</u>

Even liberally construed, the complaint does not contain allegations even remotely suggesting plaintiff might have a valid federal claim. <u>See</u>, <u>Lillard v. Shelby County Bd. of Educ,</u>, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). This action is therefore appropriately subject to summary dismissal. <u>Apple v. Glenn</u>, 183 F.3d 477 (6th Cir. 1999); <u>see</u> <u>Hagans v. Lavine</u> , 415 U.S. 528, 536-37 (1974)(citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); <u>In re Bendectin Litig.</u>, 857 F.2d 290, 300 (6th Cir.1988)(recognizing that federal question jurisdiction is divested by unsubstantial claims).

Accordingly, this action is dismissed.

IT IS SO ORDERED.


Date: March 19, 2008            <u> S/John R. Adams        </u>
                                JOHN R. ADAMS
                                UNITED STATES DISTRICT JUDGE